UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

WISCONSIN PIPE TRADES HEALTH FUND, and
WISCONSIN PIPE TRADES 401(k) PLAN AND TRUST,

          Plaintiffs,          Case No. 2:25-cv-00618

vs.

MECHANICAL MASTERS, INC., a Wisconsin Corporation,

          Defendant.

---

## COMPLAINT

NOW COME Plaintiffs, the WISCONSIN PIPE TRADES HEALTH FUND and the WISCONSIN PIPE TRADES 401(k) PLAN AND TRUST, by and through their attorneys, JOHNSON & KROL, LLC, complaining of Defendant MECHANICAL MASTERS, INC., and in support, allege as follows:

### JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the Plaintiffs WISCONSIN PIPE TRADES HEALTH FUND ("Health Fund") and WISCONSIN PIPE TRADES 401(k) PLAN AND TRUST ("401(k) Plan") (collectively, the "Funds") have

their principal places of business located, and funds administered, in Milwaukee County, Wisconsin, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the Funds' claims occurred in the Eastern District of Wisconsin, Milwaukee Division.

## PARTIES

3. The Funds receive contributions from numerous employers pursuant to collective bargaining agreements entered into by various employer associations and Locals of the United Association of Journeymen & Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, and therefore are multiemployer plans under 29 U.S.C. § 1002.

4. The Health Fund was established and is administered pursuant to the terms and provisions of a certain Agreement and Declaration of Trust ("Trust Agreement").

5. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), the Funds are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

6. The Defendant MECHANICAL MASTERS, INC. ("Mechanical Masters") is a domestic close corporation with its principal place of business located in Kansasville, Wisconsin.

## FACTS COMMON TO ALL COUNTS

7. Mechanical Masters is an employer engaged in an industry affecting commerce that entered into collective bargaining agreements ("Labor Agreements") with the Plumbers and Steamfitters Local Union 118 of the United Association of Journeymen & Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada ("Union") for all times relevant in this action. (A copy of the signatory page of Mechanical Masters to the

2007-2013 Labor Agreement is attached as **Exhibit 1**); (A copy of the Labor Agreement currently in effect from June 1, 2023, through May 31, 2025, is attached as **Exhibit 2**).

8. Pursuant to the Labor Agreements, Mechanical Masters became bound by the Health Fund's Trust Agreement. (**Exhibit 2**).

9. The Union is the bargaining representative of Mechanical Masters' bargaining unit employees. (**Exhibit 2**).

10. The Labor Agreements and Trust Agreement require Mechanical Masters to make monthly payments to the Health Fund and 401(k) Plan for each hour worked by its bargaining unit employees within the Trade and Territorial Jurisdiction ("covered work") of the Union pursuant to the Labor Agreements at the negotiated rate. (**Exhibit 2**).

11. Pursuant to the Labor Agreements, Mechanical Masters agreed to deduct specific amounts from its bargaining unit employees' wages and transmit those wage deductions to the 401(k) Plan on a monthly basis. (**Exhibit 2**).

12. The contributions and wage deductions during all relevant times were due on or before the 15th day of the calendar month following the calendar month during which work was performed. (**Exhibit 2**).

13. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132), the Labor Agreements, and Trust Agreement, employers who fail to submit contributions to the Funds are responsible for payment of liquidated damages of twenty percent (20%) on all untimely remitted contributions and interest of one and one-half percent (1.5%) per month on all untimely remitted contributions. (**Exhibit 2**).

# COUNT I
## BREACH OF CONTRACT – REPORTED EMPLOYEES

14. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-13 of this Complaint with the same force and effect as if fully set forth herein.

15. In response to the Funds' demands to produce records for a payroll compliance audit, Mechanical Masters only provided detailed payroll records for employees it identified as performing covered work under the Labor Agreements and Mechanical Masters had previously reported on their behalf to the Funds (hereinafter referred as the "Reported Employees").

16. A payroll compliance audit for the period of January 1, 2023, through November 30, 2024 conducted by the Funds' independent auditor revealed that Mechanical Masters failed to pay contributions on behalf of its Reported Employees, which resulted in the assessment of liquidated damages and interest, in the aggregate amount of $23,325.11, as itemized below:

| Fund: | Contributions: | Liquidated Damages: | Interest: | Total: |
|---|---|---|---|---|
| Health Fund | $18,302.88 | $3,034.09 | $609.34 | **$21,946.31** |
| 401(k) Plan | $1,138.45 | $200.15 | $40.20 | **$1,378.80** |
| **TOTAL:** | **$19,441.33** | **$3,234.24** | **$649.54** | **$23,325.11** |

(A redacted copy of the January 1, 2023, through November 30, 2024 Audit Report for Reported Employees is attached as **Exhibit 3**).

17. In response to the audit, Mechanical Masters admitted that it owed the audit findings for its Reported Employees. (Email correspondence from Mechanical Masters, including an attached PDF listing employees who performed work within the scope of the Labor Agreements is attached as **Exhibit 4**).

18. Mechanical Masters has an ongoing obligation under the Labor Agreements to remit contributions on behalf of its covered employees; accordingly, additional contributions, liquidated damages, and interest may become due and owing. (**Exhibit 2**).

19. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from Mechanical Masters.

20. Mechanical Masters is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreements, Trust Agreement, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That Judgment be entered in favor of Plaintiffs and against Mechanical Masters in the amount of $19,441.33 for contributions owed on behalf of the Reported Employees for the audit period of January 1, 2023, through November 30, 2024;

B. That Judgment be entered in favor of Plaintiffs and against Mechanical Masters in the amount of $3,883.78 for liquidated damages and interest (calculated through January 31, 2025) owed on behalf of the Reported Employees for the audit period of January 1, 2023, through November 30, 2024;

C. That Judgment be entered in favor of Plaintiffs and against Mechanical Masters in an amount to be determined for additional liquidated damages and interest accrued through the date of judgment for the unpaid contributions owed on behalf of the Reported Employees for the audit period of January 1, 2023, through November 30, 2024;

D. That Judgment be entered in favor of Plaintiffs and against Mechanical Masters for any and all other contributions, liquidated damages, and interest found to be due and owing in addition to those referenced in Paragraphs A through C above;

E. That Mechanical Masters be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the Labor Agreements, Trust Agreement, and 29 U.S.C. § 1132 (g)(2)(D); and

F. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at Mechanical Masters' cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT II
## BREACH OF CONTRACT – UNREPORTED EMPLOYEES

21. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-20 of this Complaint with the same force and effect as if fully set forth herein.

22. In addition to the Reported Employees, Mechanical Masters employed approximately 10 to 15 other individuals during the relevant period (hereafter referred to as the "Unreported Employees").

23. Many of the Unreported Employees are identified on Mechanical Masters' website as doing plumbing work.

24. Lucas Shenkenberg is one of Mechanical Masters' Unreported Employees.

25. Lucas Shenkenberg is identified on Mechanical Masters' website (mechmast.com/about-us) as a Plumbing Apprentice.



26. Jack Shenkenberg is one of Mechanical Masters' Unreported Employees.

27. Jack Shenkenberg is identified on Mechanical Masters' website (mechmast.com/about-us) as a Plumbing Apprentice.



28. Owen Shenkenberg is one of Mechanical Masters' Unreported Employees

29. Owen Shenkenberg is identified on Mechanical Masters' website (mechmast.com/about-us) as a Plumbing Apprentice.



30. Bob Kerkman is one of Mechanical Masters' Unreported Employees.

31. Bob Kerkman is identified on Mechanical Masters' website (mechmast.com/about-us) as a Plumbing Apprentice.



32. Martin Gronka is one of Mechanical Masters' Unreported Employees.

33. Martin Gronka is identified on Mechanical Masters' website (mechmast.com/about-us) as a Driver/Pipe Layer.



34. A payroll compliance audit covering the period of January 1, 2023, through November 30, 2024, was also conducted on Mechanical Masters by the Funds' designated auditors covering the Unreported Employees.

35. Relying on the information provided by Mechanical Masters on its website and Mechanical Masters' refusal to provide a detailed statement of the work performed by the Unreported Employees, and in accordance with the Funds' established audit procedures, the auditor

classified the Unreported Employees as performing covered work within the scope of the Labor Agreements.

36. A payroll compliance audit for the period of January 1, 2023, through November 30, 2024 conducted by the Funds' independent auditor revealed that Mechanical Masters failed to pay contributions on behalf of its Unreported Employees, which resulted in the assessment of liquidated damages and interest, in the aggregate amount of $268,307.52, as itemized below:

| Fund: | Contributions: | Liquidated Damages: | Interest: | Total: |
|---|---|---|---|---|
| Health Fund | $187,026.68 | $37,405.37 | $33,502.43 | **$257,934.48** |
| 401(k) Plan | $7,736.65 | $1,547.37 | $1,089.02 | **$10,373.04** |
| **TOTAL:** | **$194,763.33** | **$38,952.74** | **$34,591.45** | **$268,307.52** |

(A redacted copy of the January 1, 2023, through November 30, 2024 Audit Report for Unreported Employees is attached as **Exhibit 5**).

37. Mechanical Masters' failure to provide the relevant documentation for certain employees does not relieve it of its obligation under the Labor Agreements to make contributions for all individuals performing covered work. As such, additional contributions, interest, and liquidated damages may continue to become due for those employees until Mechanical Masters complies fully with its reporting and contribution obligations.

38. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from Mechanical Masters.

39. Mechanical Masters is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreements, Trust Agreement, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That Judgment be entered in favor of Plaintiffs and against Mechanical Masters in the amount of $194,763.33 for contributions owed on behalf of the Unreported Employees for the audit period of January 1, 2023, through November 30, 2024;

B. That Judgment be entered in favor of Plaintiffs and against Mechanical Masters in the amount of $73,544.19 for liquidated damages and interest (calculated through March 6, 2025) owed on behalf of the Unreported Employees for the audit period of January 1, 2023, through November 30, 2024;

C. That Judgment be entered in favor of Plaintiffs and against Mechanical Masters in an amount to be determined for additional liquidated damages and interest accrued through the date of judgment for the unpaid contributions owed on behalf of the Unreported Employees for the audit period of January 1, 2023, through November 30, 2024;

D. That Judgment be entered in favor of Plaintiffs and against Mechanical Masters for any and all other contributions, liquidated damages, and interest found to be due and owing in addition to those referenced in Paragraphs A through C above;

E. That Mechanical Masters be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the Labor Agreements, Trust Agreement, and 29 U.S.C. § 1132 (g)(2)(D); and

F. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at Mechanical Masters' cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**WISCONSIN PIPE TRADES HEALTH FUND,** *et al.*

/s/ Jeffrey A. Krol – IL Bar # 6300262
*One of Plaintiffs' Attorneys*
JOHNSON & KROL, LLC
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 757-5465
jeffkrol@johnsonkrol.com