**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

---

**WISCONSIN PIPE TRADES HEALTH FUND, and**
**WISCONSIN PIPE TRADES 401(k) PLAN AND TRUST,**

                **Plaintiffs,**                    **Case No. 2:25-cv-00618**

       **vs.**

**MECHANICAL MASTERS, INC., a Wisconsin**
**Corporation,**

                **Defendant.**

---

### PLAINTIFFS' PROPOSED STATEMENT OF MATERIAL FACTS

---

NOW COME Plaintiffs, the WISCONSIN PIPE TRADES HEALTH FUND ("Health Fund") and the WISCONSIN PIPE TRADES 401(k) PLAN AND TRUST ("401(k) Plan") (collectively, the "Funds"), by and through their attorneys, JOHNSON & KROL, LLC, and in support of their Motion for Summary Judgment against Defendant, MECHANICAL MASTERS, INC. ("Mechanical Masters"), submit this Statement of Proposed Material Facts pursuant to Civil L.R. 56(b)(1)(C):

1.  Mechanical Masters agreed to be bound by the Labor Agreements entered into by various employer associations and the Union in effect from June 2007 through May 2013. (Mechanical Masters' signatory page to the 2007-2013 Labor Agreement; **Ex.1**).

2.  The Union and the Mechanical Contractors, S E, Inc. entered into a Labor Agreement in effect for the period of June 1, 2023 to May 31, 2025. (2023-2025 Labor Agreement; **Ex. 2**).

3. Mechanical Masters never indicated any intent nor took any action to terminate its signatory status under the Labor Agreement effective June 1, 2023 through May 31, 2025, or under any prior Labor Agreement with the Union. (Defendant's Responses to Plaintiffs' First Requests for Production ¶ 1; **Ex. 3**).

4. Mechanical Masters admits that it "had previously reported" on employees' behalf to the Funds. (Mechanical Masters' Answer, ¶ 15; **Ex. 4**).

5. The 2023-2025 Labor Agreement binds employers to the Health Fund's Agreement and Declaration of Trust ("Trust Agreement"). (2023-2025 Labor Agreement § 16.3; **Ex.2**).

6. The Labor Agreements and Trust Agreement require Mechanical Masters to make monthly payments to the Health Fund and 401(k) Plan for each hour worked by its bargaining unit employees within the Trade and Territorial Jurisdiction ("covered work") of the Union pursuant to the Labor Agreements at the negotiated rate. (2023-2025 Labor Agreement §§ 16.1, 28.1, 28.2; **Ex.2**).

7. Pursuant to the 2023-2025 Labor Agreement, and Trust Agreement, employers who fail to submit contributions to the Funds are responsible for payment of liquidated damages of twenty percent (20%) on all untimely remitted contributions and interest of one and one-half percent (1.5%) per month on all untimely remitted contributions; employers are additionally responsible to pay the Funds' attorneys' fees and court costs incurred in the pursuit of collecting contributions. (2023-2025 Labor Agreement §§ 16.4, 28.3; **Ex.2**).

8. In response to the Funds' demands to produce records for a payroll compliance audit for the period of January 1, 2023, through November 30, 2024, Mechanical Masters only provided detailed payroll records for employees (hereinafter referred to as the "Reported Employees") it identified as performing covered work under the Labor Agreements.

(Mechanical Masters' Answer, ¶ 15; **Ex. 4**).

9. Said audit (the "Initial Audit"), conducted by the Funds' independent auditor, revealed that Mechanical Masters failed to pay contributions on behalf of its Reported Employees which resulted in the assessment of liquidated damages and interest, in the aggregate amount of $23,325.11, as itemized below:

| Fund: | Contributions: | Liquidated Damages: | Interest: | Total: |
|---|---|---|---|---|
| Health Fund | $18,302.88 | $3,034.09 | $609.34 | **$21,946.31** |
| 401(k) Plan | $1,138.45 | $200.15 | $40.20 | **$1,378.80** |
| **TOTAL:** | **$19,441.33** | **$3,234.24** | **$649.54** | **$23,325.11** |

(Certification of Randy Rosenmerkel, ¶ 5 | Initial Audit Report, *Ex. I* to Cert. of Rosenmerkel; **Ex. 5**).

10. Mechanical Masters admits that it "failed to pay contributions on behalf of its [R]eported [E]mployees" and "owe[s] the audit findings for its Reported Employees." (Mechanical Masters' Answer, ¶¶ 16, 17; **Ex. 4**).

11. The payroll compliance audit for the period of January 1, 2023, through November 30, 2024 also revealed that Mechanical Masters employed approximately 15 other individuals during the relevant period (hereafter referred to as the "Unreported Employees") whom it failed to report in the Initial Audit. (Cert. of Rosenmerkel ¶ 6; **Ex. 5**).

12. Defendant admits that the Unreported Employees are employees of Mechanical Masters. (Mechanical Masters' Answer, ¶¶ 22-28 & 30-33; **Ex. 4**).

13. A second audit ("Second Audit") was performed for Mechanical Masters' Unreported Employees. (Cert. of Rosenmerkel ¶¶ 6-9; **Ex. 5**). (Mechanical Masters' Answer, ¶ 35; **Ex. 4**).

14. Based on Mechanical Masters' responses that (a) Evan Lonergan, (b) Scott Darville, (c) Ryan Shenkenberg, (d) Martin Gronka, (e) Ethan Burgan, (f) Francis Wietrzak, (g) Jessica Hartman, (h) Samantha Serak, (i) Branda Wade, and (j) Stacey Hamilton never performed bargaining unit work, Plaintiffs' auditor removed those individuals from the Second Audit. (Mechanical Masters' Answers to Plaintiffs' First Set of Interrogatories ¶¶ 3-24; **Ex. 6**); (Mechanical Masters' Answers to Plaintiffs' Second Set of Interrogatories ¶¶ 2-10; **Ex. 7**); (Cert. of Rosenmerkel ¶¶ 6-9; **Ex. 5**).

15. As to the remaining five (5) Unreported Employees, namely (a) James Jorgensen, (b) Jack Shenkenberg, (c) Owen Shenkenberg, (d) Aydan Klamm, and (e) Kadin Villa, Mechanical Masters admits that they were engaged in covered work for the following percentage of their time:

| Employee Name: | Percentage of Work Performed under Labor Agreement: |
|---|---|
| James Jorgensen | 50% |
| Jack Shenkenberg | 50% |
| Owen Shenkenberg | 50% |
| Aydan Klamm | 40% |
| Kadin Villa | 50% |

(Mechanical Masters' Answers to Plaintiffs' First Set of Interrogatories ¶¶ 8, 12, & 14; **Ex. 6**); (Mechanical Masters' Answers to Plaintiffs' Second Set of Interrogatories ¶¶ 4 & 6; **Ex. 7**).

16. As a result of Mechanical Masters' admissions, the Funds' auditor revised the Second Audit Report to reduce the hours worked by the following five (5) employees as follows :

| Employee Name: | Reduction in Number of Hours Included in Audit: |
|---|---|
| James Jorgensen | 50% |
| Jack Shenkenberg | 50% |
| Owen Shenkenberg | 50% |
| Aydan Klamm | 60% |
| Kadin Villa | 50% |

(Cert. of Rosenmerkel ¶ 8; **Ex. 5**).

17. As a result of (a) the removal of the ten (10) employees completely, and (b) the reduction in hours for the five (5) other employees, the totals for the Second Audit report have decreased significantly from $268,307.52 to $96,587.67, as itemized below:

| Fund: | Contributions: | Liquidated Damages: | Interest: | Total: |
|---|---|---|---|---|
| Health Fund | $67,139.27 | $13,427.85 | $12,363.48 | **$92,930.60** |
| 401(k) Plan | $2,717.76 | $543.54 | $395.77 | **$3,657.07** |
| **TOTAL:** | **$69,857.03** | **$13,971.39** | **$12,759.25** | **$96,587.67** |

(Cert. of Rosenmerkel, ¶ 9 | Initial Audit Report, *Ex. II* to Cert. of Rosenmerkel; **Ex. 5**).

18. To date, the Funds expended $20,385.11 in reasonable attorneys' fees and costs. (Affidavit of Spencer Ganer; **Ex. 8**).

Respectfully Submitted,

**WISCONSIN PIPE TRADES HEALTH FUND, *et al.***

/s/ Jeffrey A. Krol – IL Bar # 6300262
*One of Plaintiffs' Attorneys*
JOHNSON & KROL, LLC
141 West Jackson Boulevard, Suite 2055
Chicago, Illinois 60604
(312) 757-5465
jeffkrol@johnsonkrol.com