# EXHIBIT

# 4

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

WISCONSIN PIPE TRADES HEALTH FUND, )
and WISCONSIN PIPE TRADES 401(k) )
PLAN AND TRUST, )
    )
Plaintiffs, )      CASE NO.: 2:25-cv-00618
    )
    vs.    )
    )      Honorable Lynn Adelman
    )
MECHANICAL MASTERS, INC., )
a Wisconsin corporation, )
    )
    Defendant. )

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

NOW COMES Defendant, MECHANICAL MASTERS, INC., by and through its attorneys, ALLOCCO, MILLER & CAHILL, P.C., for its Answer to the Complaint of Plaintiffs, WISCONSIN PIPE TRADES HEALTH FUND and WISCONSIN PIPE TRADES 401(k) PLAN AND TRUST (hereinafter collectively referred to as the "FUNDS"), Defendant states as follows:

## JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

**ANSWER:** Defendant admits the allegations in Paragraph 1.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the Plaintiffs WISCONSIN PIPE TRADES HEALTH FUND ("Health Fund") and WISCONSIN PIPE TRADES 401(k) PLAN AND TRUST ("401(k) Plan") (collectively, the "Funds") have their principal places of business located, and funds administered, in Milwaukee County, Wisconsin,

Case 2:25-cv-00618-LA   Filed 06/19/25   Page 2 of 11   Document 29-4

and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the Funds' claims occurred in the Eastern District of Wisconsin, Milwaukee Division.

**ANSWER:** Defendant admits the allegations in Paragraph 2.

## PARTIES

3. The Funds receive contributions from numerous employers pursuant to collective bargaining agreements entered into by various employer associations and Locals of the United Association of Journeymen & Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, and therefore are multiemployer plans under 29 U.S.C. § 1002.

**ANSWER:** Defendant admits the allegations in Paragraph 3.

4. The Health Fund was established and is administered pursuant to the terms and provisions of a certain Agreement and Declaration of Trust ("Trust Agreement").

**ANSWER:** Defendant admits the allegations in Paragraph 4.

5. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), the Funds are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

**ANSWER:** Defendant admits the allegations in Paragraph 5.

6. The Defendant MECHANICAL MASTERS, INC. ("Mechanical Masters") is a domestic close corporation with its principal place of business located in Kansasville, Wisconsin.

**ANSWER:** Defendant admits the allegations in Paragraph 6.

## FACTS COMMON TO ALL COUNTS

7. Mechanical Masters is an employer engaged in an industry affecting commerce that entered into collective bargaining agreements ("Labor Agreements") with the Plumbers and Steamfitters Local Union 118 of the United Association of Journeymen & Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada ("Union") for all times relevant in this action.

2

(A copy of the signatory page of Mechanical Masters to the 2007-2013 Labor Agreement is attached as **Exhibit 1**); (A copy of the Labor Agreement currently in effect from June 1, 2023, through May 31, 2025, is attached as **Exhibit 2**).

**ANSWER:** Defendant admits it is an employer in an industry affecting commerce and denies the remaining allegations in Paragraph 7.

8. Pursuant to the Labor Agreements, Mechanical Masters became bound by the Health Fund's Trust Agreement. (**Exhibit 2**).

**ANSWER:** Defendant denies the allegations in Paragraph 8.

9. The Union is the bargaining representative of Mechanical Masters' bargaining unit employees. (**Exhibit 2**).

**ANSWER:** Defendant denies the allegations in Paragraph 9.

10. The Labor Agreements and Trust Agreement require Mechanical Masters to make monthly payments to the Health Fund and 401(k) Plan for each hour worked by its bargaining unit employees within the Trade and Territorial Jurisdiction ("covered work") of the Union pursuant to the Labor Agreements at the negotiated rate. (**Exhibit 2**).

**ANSWER:** Defendant denies the allegations in Paragraph 10.

11. Pursuant to the Labor Agreements, Mechanical Masters agreed to deduct specific amounts from its bargaining unit employees' wages and transmit those wage deductions to the 401(k) Plan on a monthly basis. (**Exhibit 2**).

**ANSWER:** Defendant denies the allegations in Paragraph 11.

12. The contributions and wage deductions during all relevant times were due on or before the 15th day of the calendar month following the calendar month during which work was performed. (**Exhibit 2**).

**ANSWER:** Defendant denies the allegations in Paragraph 12.

Case 2:25-cv-00618-AA    Filed 06/19/25    Page 4 of 11    Document 23-4

13. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132), the Labor Agreements, and Trust Agreement, employers who fail to submit contributions to the Funds are responsible for payment of liquidated damages of twenty percent (20%) on all untimely remitted contributions and interest of one and one-half percent (1.5%) per month on all untimely remitted contributions. (**Exhibit 2**).

**ANSWER:** Defendant denies the allegations in Paragraph 13.

## COUNT I
## BREACH OF CONTRACT – REPORTED EMPLOYEES

14. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-13 of this Complaint with the same force and effect as if fully set forth herein.

**ANSWER:** Defendant restates its answers to Paragraphs 1 through 13.

15. In response to the Funds' demands to produce records for a payroll compliance audit, Mechanical Masters only provided detailed payroll records for employees it identified as performing covered work under the Labor Agreements and Mechanical Masters had previously reported on their behalf to the Funds (hereinafter referred as the "Reported Employees").

**ANSWER:** Defendant admits the allegations in Paragraph 15.

16. A payroll compliance audit for the period of January 1, 2023, through November 30, 2024 conducted by the Funds' independent auditor revealed that Mechanical Masters failed to pay contributions on behalf of its Reported Employees, which resulted in the assessment of liquidated damages and interest, in the aggregate amount of $23,325.11, as itemized below:

| Fund: | Contributions: | Liquidated Damages: | Interest: | Total: |
|---|---|---|---|---|
| Health Fund | $18,302.88 | $3,034.09 | $609.34 | **$21,946.31** |
| 401(k) Plan | $1,138.45 | $200.15 | $40.20 | **$1,378.80** |
| **TOTAL:** | **$19,441.33** | **$3,234.24** | **$649.54** | **$23,325.11** |

(A redacted copy of the January 1, 2023, through November 30, 2024 Audit Report for Reported Employees is attached as **Exhibit 3**).

**ANSWER:** Defendant admits it failed to pay contributions on behalf of its reported employees and denies the remaining allegations in Paragraph 16.

17.     In response to the audit, Mechanical Masters admitted that it owed the audit findings for its Reported Employees. (Email correspondence from Mechanical Masters, including an attached PDF listing employees who performed work within the scope of the Labor Agreements is attached as **Exhibit 4**).

**ANSWER:** Defendant admits the allegations in Paragraph 17.

18.     Mechanical Masters has an ongoing obligation under the Labor Agreements to remit contributions on behalf of its covered employees; accordingly, additional contributions, liquidated damages, and interest may become due and owing. (**Exhibit 2**).

**ANSWER:** Defendant denies the allegations in Paragraph 18.

19.     Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from Mechanical Masters.

**ANSWER:** Defendant denies the allegations in Paragraph 19.

20.     Mechanical Masters is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreements, Trust Agreement, and 29 U.S.C. § 1132(g)(2)(D).

**ANSWER:** Defendant denies the allegations in Paragraph 20.

**COUNT II**
**BREACH OF CONTRACT – UNREPORTED EMPLOYEES**

21.     Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-20 of this Complaint with the same force and effect as if fully set forth herein.

**ANSWER:** Defendant restates its answers to Paragraphs 1 through 20.

22.     In addition to the Reported Employees, Mechanical Masters employed approximately 10

5

to 15 other individuals during the relevant period (hereafter referred to as the "Unreported Employees").

**ANSWER:** Defendant admits the allegations in Paragraph 22.

23. Many of the Unreported Employees are identified on Mechanical Masters' website as doing plumbing work.

**ANSWER:** Defendant admits the allegations in Paragraph 23.

24. Lucas Shenkenberg is one of Mechanical Masters' Unreported Employees. Lucas Shenkenberg is identified on Mechanical Masters' website (mechmast.com/about- us) as a Plumbing Apprentice.



**ANSWER:** Defendant denies that Lucas Shenkenberg is one of Mechanical Masters' Unreported Employees and admits the remaining allegations in Paragraph 24.

25. Jack Shenkenberg is one of Mechanical Masters' Unreported Employees.

**ANSWER:** Defendant admits the allegations in Paragraph 25.

26. Jack Shenkenberg is identified on Mechanical Masters' website (mechmast.com/about-us) as a Plumbing Apprentice.



**ANSWER:** Defendant admits the allegations in Paragraph 26.

27. Owen Shenkenberg is one of Mechanical Masters' Unreported Employees

**ANSWER:** Defendant admits the allegations in Paragraph 27.

28. Owen Shenkenberg is identified on Mechanical Masters' website (mechmast.com/about-us) as a Plumbing Apprentice.



**ANSWER:** Defendant admits the allegations in Paragraph 28.

29. Bob Kerkman is one of Mechanical Masters' Unreported Employees.

**ANSWER:** Defendant denies the allegations in Paragraph 29.

30. Bob Kerkman is identified on Mechanical Masters' website (mechmast.com/about-us) as a Plumbing Apprentice.

**ANSWER:** Defendant admits the allegations in Paragraph 30.



31.     Martin Gronka is one of Mechanical Masters' Unreported Employees.

     **ANSWER:**   Defendant admits the allegations in Paragraph 31.

32.     Martin Gronka is identified on Mechanical Masters' website (mechmast.com/about-us) as a Driver/Pipe Layer.



     **ANSWER:**   Defendant admits the allegations in Paragraph 32.

33.     A payroll compliance audit covering the period of January 1, 2023, through November 30, 2024, was also conducted on Mechanical Masters by the Funds' designated auditors covering the Unreported Employees.

     **ANSWER:**   Defendant admits the allegations in Paragraph 33.

34.     Relying on the information provided by Mechanical Masters on its website and Mechanical Masters' refusal to provide a detailed statement of the work performed by the Unreported Employees, and in accordance with the Funds' established audit procedures, the auditor

8

classified the Unreported Employees as performing covered work within the scope of the Labor Agreements.

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35. A payroll compliance audit for the period of January 1, 2023, through November 30, 2024 conducted by the Funds' independent auditor revealed that Mechanical Masters failed to pay contributions on behalf of its Unreported Employees, which resulted in the assessment of liquidated damages and interest, in the aggregate amount of $268,307.52, as itemized below:

| Fund: | Contributions: | Liquidated Damages: | Interest: | Total: |
|---|---|---|---|---|
| Health Fund | $187,026.68 | $37,405.37 | $33,502.43 | **$257,934.48** |
| 401(k) Plan | $7,736.65 | $1,547.37 | $1,089.02 | **$10,373.04** |
| **TOTAL:** | **$194,763.33** | **$38,952.74** | **$34,591.45** | **$268,307.52** |

(A redacted copy of the January 1, 2023, through November 30, 2024 Audit Report for Unreported Employees is attached as **Exhibit 5**).

**ANSWER:** Defendant admits the audit was conducted by the Funds' auditor for the period January 1, 2023 through November 30, 2024 and denies the remaining allegations in Paragraph 35.

36. Mechanical Masters' failure to provide the relevant documentation for certain employees does not relieve it of its obligation under the Labor Agreements to make contributions for all individuals performing covered work. As such, additional contributions, interest, and liquidated damages may continue to become due for those employees until Mechanical Masters complies fully with its reporting and contribution obligations.

**ANSWER:** Defendant denies the allegations in Paragraph 36.

37. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from Mechanical Masters.

Case 2:25-cv-00618-ALA Filed 06/09/25 Page 10 of 12 Document 28-4

**ANSWER:** Defendant denies the allegations in Paragraph 37.

38.     Mechanical Masters is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreements, Trust Agreement, and 29 U.S.C. § 1132(g)(2)(D).

**ANSWER:** Defendant denies the allegations in Paragraph 38.

Respectfully Submitted,

**Mechanical Masters, Inc.**

/s/ Todd A. Miller – IL Bar # 6216561

Todd A. Miller (tam@alloccomiller.com)
ALLOCCO, MILLER & CAHILL, P.C.
*Attorney for Defendant*
20 N. Wacker Drive, Suite 3517
Chicago, Illinois 60606
TEL (312) 675-4325
FAX (312) 675-4326

Case 2:25-cv-00618-AA   Filed 06/19/25   Page 110 of 11   Document 28-4

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned, an attorney of record, hereby certifies that he electronically filed the attached, *Defendant's Answer to Plaintiffs' Complaint*, with the Clerk of the Court using the CM/ECF system on this 19th day of June 2025, which will send notice of such filings to the following:

Attorneys for the Plaintiffs:

Jeffrey Krol
Edward Barry
Johnson & Krol, LLC
311 S Wacker, Suite 1050
Chicago, IL 60606

/s/ *Todd A. Miller*

Attorneys for the Defendants:

Todd A. Miller *(tam@alloccomiller.com)*
Kathleen M. Cahill *(kmc@alloccomiller.com)*
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, IL 60606
Ph: (312) 675-4325
Fx: (312) 675-4326

Case 2:25-cv-00063-AA Filed 06/19/25 Page 11 of 11 Document 29-4