**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**WISCONSIN PIPE TRADES**
**HEALTH FUND, et al.,**
**Plaintiffs,**

**v.** **Case No. 25-CV-618**

**MECHANICAL MASTERS, INC.,**
**Defendant.**

---

**ORDER**

Plaintiffs Wisconsin Pipe Trades Health Fund and Wisconsin Pipe Trades 401k Plan and Trust sue defendant Mechanical Masters, Inc. for failure to submit contributions owed on behalf of employees. Following failed settlement attempts, plaintiffs filed a motion for summary judgment on June 19, 2026. ECF No. 25. Defendant did not respond to the motion. After I ordered a status report from the parties, they indicated that they were once more engaging in settlement negotiations. ECF No. 29. On September 21, 2026, parties sent the final of three status reports explaining that settlement negotiations are now at an impasse. ECF No. 35, ¶ 5. The parties also requested that I rule on the pending motion for summary judgment and indicated that defendant does not oppose the motion. *Id*. For the reasons explained below, I grant the motion for summary judgment.

## I. BACKGROUND

Aside from the descriptions of the parties, these facts are taken from plaintiffs' proposed findings of fact submitted contemporaneously with their motion for summary judgment. Pursuant to Civil Local Rule 56, a moving party must submit a statement of

proposed material facts, which the opposing party must respond to. Civ. L.R. 56(b)(1)(C), (b)(2)(B)(i). Uncontroverted statements of fact are deemed admitted. Civ. L.R. 56(b)(4).

Plaintiffs Wisconsin Pipe Trades Health Fund and Wisconsin Pipe Trades 401k Plan and Trust receive contributions from employers pursuant to collective bargaining agreements entered into by employer associations and Locals of the United Association of Journeymen & Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada ("the Union"). ECF No. 1, ¶ 3. Defendant Mechanical Masters is a close corporation with employees represented by the Plumbers and Steamfitters Local Union 118 of the aforementioned Union. *Id*. ¶¶ 6–7. Defendant was party to a labor agreement taking effect June 1, 2023, through May 31, 2023. ECF No. 28, ¶ 2. That agreement requires defendant to make monthly payments to the Health Fund and 401(k) Plan for each hour worked by bargaining unit employees. *Id*. ¶ 6. Under the labor agreement, employers who fail to submit timely contributions must pay 20% liquidated damages and 1.5% interest per month on untimely contributions. *Id*. ¶ 7. They are also required to pay any attorneys' fees and court costs incurred to collect contributions. *Id*.

Plaintiffs' internal auditor determined that between January 1, 2023, and November 30, 2024, defendant failed to pay $19,441.33 in contributions, leading to additional liquidated damages of $3,234.24 and $649.54 in interest. *Id*. ¶ 9. In total, that audit revealed defendant owed plaintiffs $23,325.11. *Id*. However, it was later determined that defendant also failed to report wages for five additional employees (the "unreported employees"). *Id*. ¶¶ 11–16. This led to a second audit which determined defendant failed to pay $69,857.03 in contributions for the unreported employees, with liquidated damages

of $13,971.39 and $12,759.25 in interest. *Id*. ¶ 17. For the five unreported employees, defendant owed plaintiffs $96,587.67. *Id*.

## II. LEGAL STANDARD

Summary judgment is required where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, I view the evidence in the light most favorable to the non-moving party and must grant the motion if no reasonable juror could find for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255 (1986).

## III. DISCUSSION

It is undisputed that the parties engaged in an agreement requiring defendant to pay certain sums to plaintiffs for the work of employees represented by the Union. It is also undisputed that defendant failed to do so. Defendant therefore breached the agreement. Moreover, Section 502(g)(2) of the Employee Retirement Income Security Act of 1974 ("ERISA") mandates that in an action brought by a fiduciary for or on behalf of a plan to enforce ERISA, a court shall award unpaid contributions, interest, the greater of interest or liquidated damages up to 20%, and reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g)(2). Plaintiffs are a fiduciary seeking to enforce ERISA, and defendant failed to pay certain sums. Therefore, I am required by law to award unpaid contributions, interest, liquidated damages of 20%, and reasonable attorneys' fees and costs.

Plaintiffs have sufficiently proven that defendants failed to pay $89,298.36 in contributions, requiring additional payments of $17,205.63 in liquidated damages and $13,408.79 in interest. In other words, defendant owes plaintiffs a total of $119,912.78 for untimely contributions. In addition, I have reviewed plaintiffs' submissions regarding

attorneys' fees and costs, and find that through June 19, 2026, plaintiffs expended $20,385.11 in reasonable attorneys' fees and costs to enforce the agreement. ECF No. 28, ¶ 18; ECF No. 28-8.

However, I will not yet enter final judgment. Because these documents were submitted several months ago, I will permit plaintiffs to file a supplement updating these figures. Changes to either contribution amounts owed or reasonable attorneys' fees and costs must be supported by additional documentation, such as affidavits or reports. Plaintiffs will have twenty-one days to submit updated figures. Within fourteen days, defendant must file a response indicating what objections they have, if any, to those figures and upon what basis. If defendant objects to those figures, plaintiffs will have fourteen more days to reply. At the conclusion of such briefing, I will enter final judgment.

## IV. CONCLUSION

For the reasons stated, **IT IS ORDERED** that plaintiffs' motion for summary judgment (ECF No. 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs may submit a supplement updating the contribution amounts owed and/or reasonable attorneys' fees and costs within twenty-one days of the entry of this order. Subsequent briefing will occur on the schedule described herein.

Dated at Milwaukee, Wisconsin, this 22nd day of September, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge